977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Stuart ROBERTSON, Defendant-Appellant.
 No. 91-36187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 15, 1992.
Order Amending Decision Jan. 25, 1993.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 John Stuart Robertson appeals pro se the district court's dismissal of his second 28 U.S.C. § 2255 habeas corpus petition. Robertson contends he received ineffective assistance of counsel during his direct appeal because his attorney appealed a Brady claim without providing adequate supporting evidence. He argues supporting evidence for that claim became available when he filed his first section 2255 petition, but was precluded from consideration because of the previous unsupported appeal.
 
 
 3
 We have jurisdiction under 28 U.S.C. §§ 2253 and 2255 and affirm.
 
 STANDARD OF REVIEW
 
 4
 A decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, No. 87-4191, slip op. 7095, 7113 (9th Cir. June 24, 1992) (en banc).
 
 DISCUSSION
 
 5
 Robertson was convicted, after jury trial, of conspiracy to illegally receive, possess, transfer and import firearms, in violation of 18 U.S.C. § 371; and knowingly aiding and abetting the importation of thirty-three Polish rifles, in violation of 18 U.S.C. §§ 922(L) and 925(d).
 
 
 6
 On direct appeal Robertson argued, inter alia, that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding exculpatory evidence in the form of motel receipts and phone bills. We expressly rejected the Brady claim finding there to be no evidence "other than [Robertson's] bald assertion that ... exculpatory documentary evidence had been seized ... but not made available to him." United States v. Endicott, 803 F.2d 506, 514 (9th Cir.1986).
 
 
 7
 In 1987 Robertson filed his first section 2255 habeas corpus petition. Again he asserted that the government withheld exculpatory evidence at trial. The district court held the Brady claim was a successive claim and rejected it. We affirmed by relying on Battaglia v. United States, 428 F.2d 957 (9th Cir.1979) (a section 2255 proceeding may not be used to relitigate questions which have already been raised on direct appeal), cert. denied, 400 U.S. 919 (1970).
 
 
 8
 Robertson's sole argument in this appeal is that his appellate counsel on direct appeal provided constitutionally defective assistance by raising the Brady claim without adequate supporting evidence. He contends this precluded the Brady claim from being addressed on the merits when additional evidence became available.
 
 
 9
 Robertson's argument lacks merit. The argument is constructed on the premise that but for the ineffectiveness of his appellate counsel, the Brady claim eventually would have been resolved in Robertson's favor. The premise is false. The Brady claim was fully and fairly litigated at trial, on motions for judgment of acquittal and for new trial, on direct appeal, and on a Fed.R.Crim.P. 25(a) motion.
 
 
 10
 Robertson has failed to show that his appellate counsel was ineffective by the way in which the Brady claim was raised on direct appeal, or that he was prejudiced by his counsel's representation. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (habeas petitioner must show that but for his counsel's error, the outcome would have been different). Even if the motel receipt on which Robertson relies were presented and established that he was in Texas on December 2, this evidence is insufficient for us to conclude that the jury "would have entertained a reasonable doubt of his guilt." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality).
 
 
 11
 AFFIRMED.
 
 ORDER
 
 12
 Jan. 25, 1993.
 
 
 13
 The meomorandum disposition filed October 15, 1992 is amended by deleting the last sentence on page 4. The deleted sentence reads:
 
 
 14
 The appellant's motion to permit filing a reply to the government's response to the petition for rehearing and suggestion for rehearing en banc is granted.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3